## G. W. Armstrong *et al. v.* John G. Barton *et al.,* Administrators.

1. PRACTICE: JUDGMENTS CANNOT BE RENDERED WITHOUT ISSUES OF LAW OR FACT MADE BY THE PLEADINGS ON FILE: STATEMENT OF CLERK. — The pleadings in a cause must evolve an issue of law or fact before a judgment can be rendered: the evidence of the existence of such pleadings is their appearance amongst the files; the statement of the clerk, that they have been filed and lost, is not sufficient evidence of their existence to authorize a judgment. *Steele* v. *Palmer,* 41 Miss. 88.

ERROR to the Circuit Court of Tishomingo county. Hon. W. D. Bradford, judge.

*Reynolds, Boone & Reynolds* for plaintiffs in error.

*W. & J. R. Yerger* for defendants in error.

PEYTON, J., delivered the opinion of the court.

The defendants in error, as administrators of the estate of A. J. Harrison, deceased, instituted suit in the Circuit Court of Tishomingo county against the plaintiffs in error, on their writing obligatory, for the sum of $1341, dated December the 25th, A.D. 1866, and payable to the defendants in error twelve months after the date thereof. To this action the plaintiffs in error appeared, and pleaded several special pleas in bar. After which the clerk inserted the following statement: "And afterwards the plaintiffs filed their demurrer to the defendants' pleas, which has been lost from the papers in said cause." On the the 26th day of September, 1866, the record shows the following entry was made: "This day came on to be heard the demurrer to the defendants' pleas in this cause filed, which, after argument, is by the court sustained, with leave for defendants

to amend pleadings in thirty days." And at the March Term of said court, 1867, the following entry appears in the record: "This day came the parties by their attorneys, and the plaintiffs discontinue this suit against S. D. Lowry and Elijah Oliver; and thereupon came on to be heard the demurrer to defendants' pleas, and after argument, as well for as against said demurrer, it is ordered and adjudged by the court, that the said demurrer be sustained, and that the defendants have leave to plead over, which is declined by said defendants. It is therefore adjudged by the court, that the plaintiffs recover of the defendants, G. W. Armstrong and Robert Davenport, the sum of thirteen hundred and forty-one dollars, the debt in the declaration mentioned, together with the further sum of five hundred and forty-three dollars, damages sustained by reason of the non-payment of the debt in the declaration mentioned, with interest at the rate of six per cent. per annum, together with the costs in this cause expended."

From this judgment the plaintiffs in error prosecute this writ of error, and assign various errors, of which it is only necessary to notice the following : "The court erred in sustaining a demurrer when there was no demurrer on file."

It is evident from the record, that when the final judgment, purporting to have been upon a demurrer, was rendered, there was no demurrer before the court, and therefore the court erred in pronouncing judgment upon a pleading that was not in the cause. The mere unauthorized statement of the clerk, that the demurrer was lost, is no part of the record of the cause, and is not legal evidence of that fact. Among the pleas stated by the clerk to have been demurred to, was a good plea of payment; and it is not to be presumed that any lawyer would have demurred to such a plea in an action of this kind, or that a court would have sustained a demurrer to it. From this, it is reasonable to infer that the clerk may be mistaken in his statement as to the existence of the demurrer. Be this, however, as it may, it is very evident that there was no demurrer in the record or on file among the papers in the cause, at the time that the judgment purports to have been rendered upon it. And if

it ever existed in fact, its extent and character could not have been known to the court at that time. The record shows neither an issue of law nor fact, and a judgment, without an issue to be determined by it, is a nullity. A demurrer presents an issue of law upon which the court renders judgment. But without an issue thus appearing in the record, a mere statement by the clerk that the plaintiffs demurred to the defendants' pleas, will be insufficient to support the judgment.

This accords with the former adjudication of this court in the case of *Steele* v. *Palmer*, 41 Miss. 88.

The judgment must therefore be reversed, the cause remanded, and a *venire de novo* awarded.