BARCLAY WHITE, APPELLANT, V. W. R. BARTLETT ET AL., APPELLEES.

1. **Mortgage Foreclosure:** LIEN OF JUDGMENT CREDITOR. Where the party in whose favor a judgment was rendered was made defendant in an action to foreclose a mortgage, and a decree thereafter rendered, and the premises sold to a *bona fide* purchaser, an assignee of the judgment, on an assignment made before the proceedings in foreclosure, but who gave no notice, either actual or constructive, of the assignment, cannot as against the purchaser have the lien of the judgment declared paramount to his title.

2. ――――: PARTIES. In an action to foreclose a mortgage, all incumbrancers, whether prior or subsequent, whose claims are due, are proper parties; but only subsequent incumbrances are necessary parties. If the petition state facts sufficient to require a proper party to answer and he fail to do so, he will be bound by the decree.

APPEAL from Douglas county. Heard below before SAVAGE, J.

*George W. Doane,* for appellant. Stebbins was not an innocent purchaser. *Savage v. Hazard,* 11 Neb., 323. The lien does not exist by virtue of the assignment but by virtue of the judgment, and notice of the judgment carries with it notice of the liens existing by virtue of it, in whosesoever favor they may exist, and defendant Stebbins cannot be heard to deny that he had notice of this lien when the judgment was of record unsatisfied and unreversed. On question of parties, cited: Jones on Mort., § 1437. *Forrer v. Kloke,* 10 Neb., 373.

*John D. Howe*, for appellee Stebbins, cited: Wade on Notice, § 149. *Terrell v. Andrew Co.*, 44 Mo., 309. *Barnard v. Campan*, 29 Mich., 162. *Pringle v. Dunn*, 37 Wis., 449. *Shellenbarger v. Biser*, 5 Neb., 195. *Metz v. State Bank*, 7 Neb., 172.

MAXWELL, J.

In October, 1874, the Omaha National Bank recovered a judgment in the district court of Douglas county against Joel T. Griffin and W. R. Bartlett for the sum of $2789.40, Bartlett being surety for Griffin. In January, 1875, Bartlett and wife executed a mortgage on lot 14 in Bartlett's addition, and lot 18 in Griffin and Isaacs' addition to Omaha, to secure the payment of the sum of $1,000. In May, 1878, an action was commenced in the district court of Douglas county to foreclose said mortgage, the defendants herein being defendants in that action, all except Bartlett and wife as lienholders. In that action, the Omaha National Bank filed an answer wherein it alleged that " on or about the 8th day of February, 1876, in an action therein pending in the district court for Douglas county, * * * the said Omaha National Bank recovered a judgment against said Bartlett & Smith for the sum of $2829.39, which judgment remains in force and unreversed." No mention was made of the judgment recovered in 1874. A decree of foreclosure and sale was rendered, and the property sold to George P. Stebbins, subject to certain liens, for the sum of $480.

The sale was confirmed, and a deed made to the purchaser.

In October, 1878, the plaintiff caused an execution to issue on the judgment in favor of the Omaha National bank, recovered in 1874 against Bartlett & Griffin, and caused the same to be levied upon the lots purchased by Stebbins, and thereupon instituted this action to have the

23

deed to 'Stebbins set aside, and he be declared to hold said lots subject to the plaintiff's lien, and that the title of the other lienholders may be declared to be subsequent to that of the plaintiff. Lot 3 in Bartlett's addition is withdrawn by agreement from the case. It is sought to establish the title to lot 14 in Wallace R. Bartlett, free from any equities of his wife. This question was before this court on substantially the same testimony in 1879, and is reported in 8 Neb., 319. We see no reason to change the decision made in that case, and therefore will not consider that question further. The plaintiff claims as assignee of the bank, the assignment being dated June 2, 1876.

On the trial of the cause below, the court found in favor of the defendants, and dismissed the action. The plaintiff appeals to this court.

The plaintiff claims that the assignment was entered on the execution docket, but there is no claim that it was entered on the judgment record, or in the index of judgments. Stebbins claims to have purchased the lots in question without any notice, actual or constructive, of the plaintiff's assignment. The only question necessary to be considered therefore is, did Stebbins have any notice of the plaintiff's judgment? The index of the judgment record showed that the judgment in question, at the time Stebbins purchased the property in controversy, stood in the name of the Omaha National bank; and as that bank had answered, making no claim under the judgment, Stebbins had good reason to believe that the same had been satisfied.

In *Metz v. The State Bank*, 7 Neb., 165, it was held that a purchaser need not search for judgment liens further than to examine the proper index. The object of an index is to render the contents of a book readily accessible. The legislature prescribed the form of the index, and intended it should be a part of the record. If a party, notwithstanding the index, must spend days or weeks in reading

the records of the court to test the accuracy of it, much valuable time would be lost, and an index would be of no value whatever.   In fact, it would be worse than useless, because it would frequently prevent a thorough search, which otherwise would have been made.   But such is not the law.   It devolved on the plaintiff, therefore, in some way to bring to the notice of the purchaser the assignment of the judgment to him.

The rule of law is that if, after an assignment, and previous to such notice of it, the debtor pay the debt to the assignor, he will be discharged, because the law will not permit him to suffer by the negligence of the assignee. *Jones v. Witter*, 13 Mass., 304.   3 Parsons on Cont., 230. And the burden of proving such notice is on the assignee. *Heerans v. Ellsworth*, 64 N. Y., 161.   *Thayer v. Daniels*, 113 Mass., 129.

But it is said that the assignee, being a prior incumbrancer, was not a necessary party to the suit, and that therefore the decree is not binding on him.   The general rule in equity is, that all incumbrancers whose claims are due should be made parties.   They are at least proper parties, whether the incumbrance is prior or subsequent. Story's Eq. Pl., 177.   2 Barb. Ch., 174.   2 Van Santvoord's Eq., 77.

Thus, the holder of a prior mortgage which is due is a proper but not a necessary party.   If made a party, and the petition state facts sufficient to require him to answer to protect his interest, he will be bound by the decree. The case does not differ materially from that of *Grant v. Ludlow*, 8 O. S., 2-34, and in our opinion the bank was properly made a defendant.

Stebbins having purchased without notice of the assignment to the plaintiff, is not chargeable with notice of his judgment, and in this proceeding at least did not purchase subject to the judgment.

Whether the plaintiff, by seeking to redeem, and show-

ing that his judgment was deducted as a lien from the appraised value of the property, could sustain an action of that kind, is not before the court.

The judgment must be affirmed.

JUDGMENT AFFIRMED.