LINCOLN NATIONAL BANK, APPELLANT, V. A. C.
VIRGIN ET AL., APPELLEES.

</div>

<div align="center">FILED APRIL 26, 1893. · No. 5010.</div>

1. **Mortgage Foreclosure**: EFFECT OF DECREE BY DEFAULT. The rule is that a default by a party defendant is a confession only of such matters as are properly alleged in the petition or complaint. But a recognized exception to that rule is that where in a foreclosure or other kindred proceeding a defendant, who is called upon to disclose and set up his supposed but unknown interest in the subject of the action, makes default, he will be held to have admitted that his interest therein is subject to that of the plaintiff.

2. **A judgment** of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties, and is foreign to the issues submitted for its determination, is a nullity.

3. **Mortgage Foreclosure**: DEFAULT: DECREE. In a foreclosure proceeding by N. against the M. Bank, a subsequent mortgagee, and V., their common mortgagor, it was alleged that "The M. Bank claims some interest in the premises, the nature and extent of which is to the plaintiff unknown, but is subordinate to plaintiff's claim, wherefore plaintiff asks that it be compelled to set the same up or be forever barred." The defendants all having made default, a decree of foreclosure was entered in

which it was found that the M. Bank had no right, title, or interest in the mortgaged property. In a subsequent action by the M. Bank to foreclose its mortgage, *held*, that the former decree cannot be pleaded as a bar by V. or his grantees.

APPEAL from the district court of Seward county. Heard below before BATES, J.

*Norval Bros. & Lowley*, for appellant.

*Colman & Colman, Geo. B. France*, and *D. C. McKillip, contra.*

POST, J.

This action was commenced in the district court of Seward county to foreclose two mortgages executed by A. C. Virgin and wife on the 24th day of September, 1888, to the Merchants Bank of Utica, to secure payment of a note of the mortgagors of that date for $2,500, due six months after date. It is alleged in the petition that said note and mortgages were assigned by the Merchants Bank to the plaintiff for value before maturity. Upon a hearing before the district court, all of the defendants being in default, except Severin & Schark, a decree of foreclosure was entered as prayed upon the mortgage described in the second cause of action, but as to the first cause of action, viz., the mortgage covering the west half of the southwest quarter of section 20, township 11, range 1 east, there was a finding for the answering defendants, and a decree dismissing the petition, from which the plaintiff has appealed. The execution of the mortgage for the consideration alleged by Virgin and wife, who were at the time the legal and equitable owners of the property, is not denied.

The defendants above named, by their answer, deny the assignment of the note and mortgage to the plaintiff and allege that the Merchants Bank is still the owner and holder thereof. They further allege that they are the owners in fee-simple of said property by deed from Virgin

and wife bearing date of August —, 1889; that on the 16th day of March, 1889, one Neir, the holder of a prior mortgage upon said premises, which was executed March 12, 1887, commenced thereon an action of foreclosure in the district court of Seward county, to which the Merchants Bank of Utica, while still owning and holding the note and mortgage in controversy, was made a party defendant, but made default; that upon a final hearing in said action there was a finding and decree for the defendants Virgin and wife against the Merchants Bank as to the mortgage now in question, and a decree declaring it void as to the land in controversy, by reason of which the Merchants Bank and the plaintiff, as its assignee, are now estopped as against them to assert any claim under or by reason of the mortgage described in the petition.

For a second defense it is alleged that the defendants purchased for value in good faith, relying upon the representations of the Merchants Bank that it claimed no interest in, or lien upon, the land in controversy by virtue of the mortgage upon which this action is based.

The reply is, in effect, a general denial.

The evidence with respect to the date of the assignment of the note and mortgage is voluminous and conflicting, but in view of our conclusion upon the other propositions it is unnecessary to critically examine that question.

The plea of *res judicata* is clearly insufficient as a defense. The decree relied on, assuming that it is a determination in favor of Virgin and wife that the mortgage under consideration is not a lien upon the premises, is not responsive to any claim or allegation in any pleading before the court, and is for that reason *coram non judice*. The petition filed by Neir contained the following allegation only with reference to the Merchants Bank: "The defendant, the Merchants Bank of Utica, has, or claims to have, some lien or interest in said premises, the nature of which is to plaintiff unknown, but plaintiff avers that the

same is subordinate and junior to plaintiff's claim, and plaintiff asks that it may be compelled to set the same up or be forever barred from asserting the same." The foregoing allegation is followed by a prayer for an accounting, order of sale, and deficiency judgment. In that proceeding, as already said, Virgin and wife, as well as the Merchants Bank, made default. In the decree, which is in the ordinary form, immediately following the finding for the plaintiff therein, is the entry upon which defendants rely, viz., "The court further finds that the defendant, the Merchants Bank of Utica, has no right, title, or interest in the land in controversy herein."

This case rests upon an entirely different principle from those cases in which the court had acquired jurisdiction over the subject of the judgment or decree. In such cases the determination of the court, however erroneous, can be called in question only by direct proceedings. We are aware that Mr. Freeman in his work on Judgments, sec. 135a, expresses a preference for the view that a judgment is erroneous merely, and not necessarily void, although not responsive to any issue of law or fact. We are, however, unable to perceive wherein a judgment entered by a court confessedly outside of the issues submitted for its determination can be said to rest upon any other or different principle than one in which the subject-matter is entirely foreign to the jurisdiction conferred upon it. In the language of the supreme court of Ohio, in *Spoors v. Coen*, 44 O. St., 497, "A judgment by a court of competent jurisdiction in a case before it, however erroneously that jurisdiction may have been exercised, is one thing, and a judgment by a court of like jurisdiction in a case not before it, is another and quite a different thing. In *Sheldon v. Newton*, 3 O. St., 494, Judge Ranney uses this language: " It is *coram judice* whenever a cause is presented that brings this power' into action. But before the power can be affirmed to exist it must be made to appear that the law has given the

tribunal capacity to entertain the complaint against the per-
son or thing sought to be charged 'or affected; that such
complaint has actually been preferred," etc.   The distinc-
tion above noted is abundantly sustained ·by authority.
See, in addition to cases cited, *Strobe v. Downer,* 13 Wis.,
11; *Straight v. Harris,* 14 Id., 553; *Lewis v. Smith,* 9 N.
Y., 502; *Williamson v. Probasco,* 8 N. J. Eq., 571; *Steele
v. Palmer,* 41 Miss., 89; *Armstrong v. Barton,* 42 Miss.,
506; 1 Black, Judgments, 183, 184.

There is no doubt of the jurisdiction of a court of equity
upon proper pleadings in a foreclosure proceeding, to de-
termine the rights of all parties thereto with respect to the·
subject of the controversy, whether plaintiffs or defend-
ants.   But the power to conclude parties not claiming ad-
versely to the plaintiff, whether subsequent mortgagees, or.
mortgagor and mortgagee, so as to prevent them from af-
terwards asserting their rights as against each other, de-
pends upon whether such power has been invoked by one
or more of the parties thus interested.   In the judgment
pleaded as a bar in this case, the only relief sought was the
foreclosure of the Neir mortgage.   In his petition the
plaintiff therein alleged, in effect, that his mortgage was the
prior lien.   That was a proposition which the Merchants
Bank could not controvert.   It is true it might have an-
swered (assuming that it was still the owner of the mort-
gage) and by cross-bill secured an accounting and decree
against the mortgagors, and an order for payment from the
proceeds of the mortgaged property after the satisfaction
of the prior lien.   The general rule is that a default is an
admission of such facts only as are properly alleged in the
petition or complaint. (Herman, Estoppel, sec. 53.)   A
recognized exception, however, is that where, in a foreclos-
ure or other kindred proceeding, a defendant who is called
upon to disclose his supposed but unknown interest in the
subject of the action makes default, he will be held thereby
to have admitted that his interest therein is subordinate to

that of the plaintiff. (*Barton v. Anderson*, 104 Ind., 578.) The Merchants Bank, by its default, must be held to have confessed the cause of action of the plaintiff therein, and to that extent the decree is conclusive. But the question of the validity of the mortgage now under consideration, as a second lien, was not presented by the petition, and the bank, as a defendant in that action, was justified in assuming that Neir, the plaintiff, was merely seeking to assert his own lien. The judgment described in the answer not being conclusive as against the Merchants Bank, it follows that the question of the good faith of the assignment of the mortgage to the plaintiff is not material. (*Mc Williams v. Bridges*, 7 Neb., 419.)

2. The plea of estoppel *in pais* is not sustained by the proofs. Not only was the mortgage to the Merchants Bank of record and unsatisfied in Seward county, but the answering defendants are conclusively shown to have had actual notice of it and to have taken counsel as to its validity. One of them, Mr. Severin, on his cross-examination, admits that previous to the purchase of the land he had a conversation with reference to the mortgage in question with Mr. Hurlburt, president of the bank, in which he was informed by the latter that said note and mortgage had been pledged to the plaintiff herein for money advanced by it. He testifies among other things as follows:

Q. You know at the time you bought the land that he had put up these notes at the Lincoln National Bank before you took the deed and paid the money?

A. The abstract showed the mortgage on it.

Q. Notwithstanding that decree Mr. Hurlburt told you that he had put that mortgage up at the Lincoln National Bank?

A. He said he had put it up as collateral security.

Q. You knew that when you bought the land?

A. Yes, sir.

It is very evident that the defendants were fully aware of the facts with reference to the mortgage, and purchased the property in the mistaken belief that, by reason of the decree above referred to, it was no longer a lien thereon— a claim which, so far as the record discloses, had never been made by their grantors.   The court therefore erred in dismissing the petition of the plaintiff.   The decree of the district court will be reversed and the case remanded with instructions to enter a decree of foreclosure in accordance with the prayer of the petition.

REVERSED AND REMANDED.

THE other judges concur.