Whitney v. Lowe.

MILTON B. WHITNEY ET AL., APPELLANTS, V. SALLIE H. H. LOWE ET AL., APPELLEES.

FILED OCTOBER 5, 1899.   No. 8,939.

1. **Mortgages:** RECORDS: NOTICE. The record of a mortgage is constructive notice of the existence of the debt which the mortgage was given to secure.

2. ————: ASSIGNMENT OF COUPONS. The assignment of coupons secured by a mortgage is, *pro tanto*, an assignment of the mortgage.

3. ————: UNAUTHORIZED RELEASE. The release of a mortgage by one who is not the owner of the debt, although possessed of apparent authority to enter satisfaction, is ineffective, except as to those who deal with the property relying in good faith upon such release.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. - *Reversed.*

*D. M. Vinsonhaler* and *Edward C. Wright*, for appellants.

*Meikle & Gaines* and *F. B. Tiffany, contra.*

Sullivan, J.

This action was brought to foreclose a real estate mortgage given by Sallie H. H. Lowe and her husband, William W. Lowe, to the Lombard Investment Company. The debt secured was evidenced by a coupon bond for the principal sum of $60,000. The appellants are the receivers of the mortgagee, and have succeeded to its rights. The Presbyterian Hospital of Philadelphia became, by purchase and assignment, the owner of the bond and mortgage. The investment company, having guarantied payment of the debt, both principal and interest, as the same should mature, was obliged, under its contract, to take up two coupons representing interest installments, upon which the mortgagors had defaulted. Afterwards John L. Welsh bought the mortgaged premises, paid the amount due the Presbyterian Hospital, and obtained from it a release of the mortgage. The balance of the consideration was applied to the payment of other liens against the property. To defeat this suit, which was brought to collect the coupons redeemed by the mortgagee, Welsh relies on the release and the fact that he did not actually know that the coupons were outstanding. The material part of the answer is as follows: "These defendants further say that at the time Sally H. H. Lowe and William W. Lowe sold and conveyed said land to John L. Welsh, as alleged in paragraph 11 of said petition, the mortgage described in said petition was fully released of record by the Presbyterian Hospital of Philadelphia, and that these defendants had no knowledge or information whatever as to the non-payment of the coupons held by the plaintiffs herein, and that in the purchase of said property said defendant John L. Welsh relied wholly upon the title as it appeared of record in the office of the register of deeds of Douglas county, Nebraska, at that date, and that he did not know that the plaintiffs herein claimed any interest therein, or any lien thereon, until long after said property was conveyed to him, and the

purchase-money for the same paid in full." The district court denied the specific relief demanded in the petition, and the plaintiffs bring the record here for review by appeal.

We find in the bill of exceptions an express admission that the Lowes sold and conveyed the mortgaged premises to Mr. Welsh on March 21, 1894, and that the release was not executed until the following day. It is also admitted that the deed from the Lowes to Welsh was recorded on April 6, 1894, and that the release from the Presbyterian Hospital was not filed in the office of the register of deeds until April 13, 1894. Thus it appears conclusively that Welsh did not buy the property on the faith of a recorded release and on the assumption that the mortgage to the Lombard Investment Company was not a subsisting incumbrance. The averments of the answer are not sustained by the proof. The record of the mortgage was notice to the world of the existence of the debt. This debt has not been entirely paid, and the mortgage release is, therefore, partially ineffective. The assignment of the coupons was *pro tanto* an assignment of the mortgage given to secure their payment. See *Studebaker Bros. Mfg. Co. v. McCargur*, 20 Nebr., 500; *Todd v. Cremer*, 36 Nebr., 430; *New England Loan & Trust Co. v. Robinson*, 56 Nebr., 50. To the extent of its interest in the security the investment company was authorized to acknowledge satisfaction. See *Daniels v. Densmore*, 32 Nebr., 40. The Presbyterian Hospital could neither acknowledge satisfaction for it, nor discharge its lien from the land. If a mortgagee enter satisfaction of the mortgage after the debt has been assigned, a subsequent purchaser of the property who acquires title on the faith of the record, and without notice of the assignment, will be protected; but as to all other persons the lien of the mortgage will not be impaired. See *Whipple v. Fowler*, 41 Nebr., 675. The facts in the case of *Griffith v. Salleny*, 54 Nebr., 362, were substantially identical with those in the case at bar, and it was there held that the assignee

of the coupons was entitled to enforce his security. Welsh knew that the coupons had been issued; he knew that they were covered by the mortgage, and he was not justified in assuming that they had been paid. The judgment is reversed, and the cause remanded with directions to the district court to render a decree in accordance with the prayer of the petition.

REVERSED AND REMANDED.