HENRY A. WYMAN, RECEIVER, ET AL., APPELLEES, V.
FREDRICK C. EMBREE, APPELLANT.

FILED JANUARY 5, 1907. No. 14,523.

Judgment: RES JUDICATA. When a party who claims a lien on real
estate on account of detached interest coupons is properly made
a party in an action by another to foreclose the mortgage, and
makes default therein, he is barred from bringing an action to
foreclose on his coupons, after foreclosure and sale in the former
proceedings, when the petition therein sufficiently puts in issue
the facts upon which he must rely to recover.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. *Reversed and dismissed.*

*H. M. Sullivan,* for appellant.

*R. A. Moore, contra.*

EPPERSON, C.

Plaintiff as assignee seeks to foreclose on past due
detached coupons. The mortgage and debt thereby secured
were assigned to one Cox within a short time after they
were executed. Later, the coupons here in controversy
were reassigned to the mortgagee. Later, Cox foreclosed
upon the principal note and other coupons. In that case
the mortgagee and its receiver, who then held the coupons
in controversy, were made parties defendant, and were
served by publication. They also had actual notice of the
proceeding, but made default. A decree was rendered in
favor of the plaintiff, Cox, and against the defendants.
The land was sold under the decree, and later the mort-
gagor, defendant herein, again became the owner thereof
by purchase. He pleads as a defense that this action is
barred by the proceedings had in the former case. The
plaintiff herein is the assignee of the receiver, taking the
coupons after maturity. He contends that the petition
for foreclosure in the former case was insufficient to

require the defendants therein to answer, and therefore that proceeding is no bar to this action. An assignment of interest coupons is an assignment *pro tanto* of the mortgage. *Whitney v. Lowe,* 59 Neb. 87. On account of the reassignment of the coupons, the mortgagee and its receiver were proper parties to the former suit.

In his petition for foreclosure, Cox alleged the facts above set forth regarding the giving of the mortgage and its assignment, without, however, alleging the reassignment of the interest coupons. He further alleged that he was the holder and legal owner of the note and mortgage, and that the interests of the defendants, the mortgagee and its receiver, were junior and inferior to his lien; that said debt has not been paid, except the interest coupons maturing prior to the first day of November, 1895, which are the coupons in controversy herein. By their default the defendants admitted these facts, which we hold were sufficiently alleged. In *Lincoln Nat. Bank v. Virgin,* 36 Neb. 735, it was held: "The rule is that a default by a party defendant is a confession only of such matters as are properly alleged in the petition or complaint. But a recognized exception to that rule is that where in a foreclosure or other kindred proceeding a defendant, who is called upon to disclose and set up his supposed but unknown interest in the subject of the action, makes default, he will be held to have admitted that his interest therein is subject to that of the plaintiff." Where the petition is sufficient to put in issue the facts upon which the defendant must rely to recover in an action to foreclose on his own lien, and he defaults, the matter is terminated effectually, and is as binding as it would be had he answered and gone to trial upon his alleged cause of action, and the matter had been decided against him. In his petition Cox substantially alleged that the coupons here declared upon were paid, and that the amount thereof was no longer a lien upon the land. The petition was sufficient, in our opinion, to require the defendants to answer and protect the interests which the plaintiff herein

as assignee now asserts. The case at bar falls under the general rule, as announced in *Bank v. Virgin, supra,* rather than the exception. They not only admitted the superiority of plaintiff's claim, but other facts alleged against them. By the sale had under the decree of foreclosure and the proceedings had in the case instituted by Cox, the rights of the parties thereto were barred, and the plaintiff cannot maintain this action.

The judgment of the district court was for the plaintiff, and we recommend that it be reversed and the case dismissed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and this case dismissed.

REVERSED AND DISMISSED.