IRA C. MUNGER, APPELLEE, v. T. J. BEARD & BROTHER,
APPELLANT.

FILED SEPTEMBER 26, 1910.   No. 16,476.

1. Mortgages: FORECLOSURE: PARTIES.  A mortgagor who has con-
veyed the legal title to the mortgaged property and is not in
possession is not a necessary party to an action to foreclose the
mortgage.

2. ———: ———: DECREE: CONCLUSIVENESS.  The holder of a junior
judgment lien who appears in a foreclosure action, in which it
is alleged he claims some interest in the property adverse to the
plaintiff, but who does not assert his lien in the action, is con-
cluded by the decree as to the lien of the judgment upon the
property, and may not afterwards sell the property under an ex-
ecution on the same judgment.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*John O. Yeiser,* for appellant.

*C. E. Herring, contra.*

LETTON, J.

This is the second appeal in this case. The facts are
fully stated in the opinion in the first appeal, which may
be found in 79 Neb. 764.  That appeal was taken from a
judgment rendered after a demurrer to the answer had
been sustained, and the defendant stood upon the de-
murrer.  Upon appeal it was held that, since the answer
pleaded actual possession of the property by Anna J.
Fitch, it stated a cause of action, and the judgment of the
district court was reversed for further proceedings.

After remand, the cause was tried and evidence taken
with respect to possession by Mrs. Fitch.  The evidence
shows that certain property, consisting of a house and
eight lots, was owned by Mrs. Fitch; that lots 12 and 13,
in controversy, had no buildings or improvements upon
them, but were inclosed in a fence surrounding the whole

tract. The whole property was heavily incumbered, and R. C. Patterson, who was the owner of one of the liens, obtained a deed to it from the Fitchs' in 1890 under an agreement by which he was to have the property and get what he could out of it to help pay the debt that Fitch owed him. He testifies that he did not occupy it as a tenant, that he paid no rent, and accounted to no one.

The first mortgage on the house and the six lots was foreclosed in the circuit court of the United States, and Patterson surrendered possession to the purchasers under that mortgage, John Jeffries & Sons of Boston, in the summer of 1896. He testifies that while in possession he endeavored to buy lots 12 and 13 from the plaintiffs Munger. One Stonecypher leased the house from Jeffries & Sons' agents in 1896 and lived there until 1899, and two other parties occupied the house and inclosure in the interval between Stonecypher's occupancy and the purchase of the house and six lots by Mrs. Yeiser from Jeffries & Sons in September, 1903. They used the vacant lots, but did not claim or assert any rights except such as they acquired by renting the house. Jeffries & Sons at all times expressly disclaimed any assertion of ownership over lots 12 and 13.

We are of opinion that this evidence entirely fails to prove the possession of the property by Mrs. Fitch at the time the foreclosure action was begun. In the foreclosure action the Beards were made defendants and entered their appearance. By the decree all their interest in the premises derived by virtue of their judgment was foreclosed and conveyed to the purchaser at the foreclosure sale. *Dodge v. Omaha & S. W. R. Co.*, 20 Neb. 276; *Currier v. Teske*, 84 Neb. 60. We are convinced that upon this ground, as well as for the reason that Mrs. Fitch had neither the legal title nor the possession when the foreclosure action was begun, the plaintiff is entitled to restrain defendants from attempting to sell the lots under the same judgment. They had the opportunity to assert their rights under the judgment in that action at that

time. *White v. Bartlett*, 14 Neb. 320. Having failed to do so, they were concluded by the decree.

The judgment of the district court is ·

AFFIRMED.

FAWCETT, J., took no part in the decision.