EDWARD B. COWLES, APPELLANT, V. ANNIE E. KYD, APPELLEE.

FILED APRIL 20, 1912. No. 16,664.

1. Judgment: RES JUDICATA: TAX LIEN. A right obtained under a tax sale certificate, like any other civil right, may be barred by the decree of a court of competent jurisdiction in a suit where the owner of such certificate is duly made a party, and his claim to priority under such certificate is assailed in the pleadings and adjudicated against him by the court.

2. ———: ———. One duly served with summons thereby becomes a party to the suit or action, and, unless subsequently dismissed,

remains such throughout the proceedings. As such party he is presumptively present in court during the trial and at the entry of judgment. He is charged with notice of every claim adverse to him contained in the plaintiff's petition.

3. ———: ———. And, in such a case, if the petition alleges that he has or claims a lien or some interest in the land involved in the suit, but that his lien or claim is junior and inferior to that asserted by the plaintiff, and he stands mute and permits the entry of findings and judgment against him and in favor of the plaintiff upon that contention, and an innocent third party purchases the land at sheriff's sale under the judgment so entered, the judgment is *res adjudicata* as between such party and the plaintiff, and as between him and the purchaser at such sale.

4. ———: ———: TAX LIEN. And the fact that, at the time he is required to answer in such suit, he is the holder of a tax sale certificate, issued to him less than two years prior thereto, will not excuse him from failing or refusing to set up his lien under the certificate so held by him. Failing so to do, his right to subsequently assert it against the judgment entered in such suit, or against those claiming as purchasers under said judgment, is forever barred and foreclosed.

5. ———: ———. Where the district court has jurisdiction of the subject matter and of the parties, its determination of all disputed questions in the suit is binding upon all the parties thereto. If the court errs, the remedy is by appeal, and not by subsequent collateral attack.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*C. H. Denney,* for appellant.

*Samuel Rinaker* and *A. H. Kidd, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Gage county to foreclose a tax sale certificate on lot 3, block 22, in Cropsey's addition to the city of Beatrice. The petition is in the usual form. Defendant filed an answer and cross-petition, pleading a former adjudication and praying that the title of defendant be quieted. Defendant prevailed in the court below, and plaintiff appeals.

The record shows that on November 4, 1897, one Sibbernsen purchased the lot in controversy for the delinquent taxes for the year 1896, and received a certificate of purchase therefor; that he subsequently paid the taxes for the years 1897 and 1898. On September 16, 1904, Sibbernsen filed a petition to foreclose his tax lien. In his petition he made Mr. Cowles, plaintiff in this suit, a defendant, and summons was duly served upon him. The answer day fixed in the summons was October 17, 1904. On November 5, 1902, Mr. Cowles had purchased the lot at tax sale for the delinquent taxes of 1901, and received a certificate therefor. He subsequently paid the taxes for the years 1902 and 1903. At the time he was required to answer in the Sibbernsen suit, two years had not elapsed, by 19 days, from the date of his certificate, and he now contends, first, that he was neither a necessary nor proper party in the Sibbernsen suit, and therefore could not be affected by any decree rendered therein; second, "the court did not have jurisdiction of the subject matter in said foreclosure proceedings and therefore the proceedings were void," and, third, "a valid tax lien can only be barred by payment or the statute of limitations." The petition in the Sibbernsen suit alleged that "the defendant E. B. Cowles (and other defendants not necessary to name here) each have, or claim to have, some lien or interest in and to the said premises, but the exact nature and extent of which the plaintiff does not know, but plaintiff says that whatever lien, title, or interest the defendants, or any of them, may have in said premises is subsequent, junior and inferior to plaintiff's lien for the taxes purchased and paid as aforesaid." It is admitted by plaintiff here that he was duly served with summons in the Sibbernsen case; that he never entered his appearance therein but deliberately made default. The decree entered in that case found that Mr. Cowles had been duly served, and default was entered against him. It found that the allegations in plaintiff's petition were true; that he was the owner and holder of the various tax sale certificates

set forth; found the amount due to the plaintiff Sibbern-
sen and adjudged that the amount so found due was a
first lien on the premises in controversy; found further
that "whatever interest in, or lien upon, the said real
estate the defendant may have is junior, inferior and sub-
sequent to the lien of the plaintiff's tax sale certificates;"
adjudged that if the defendants failed for 20 days from
the date of the decree to pay the sums found due plaintiff
they be foreclosed and forever barred; that an order of
sale issue to the sheriff to sell the property as upon execu-
tion, etc.   The sale was duly advertised, made, and the
sale confirmed and deed ordered to be made to Annie E.
Kyd, the defendant in this suit, which deed was issued
August 12, 1907.   Under this deed she took and still
holds possession.   The record shows that the sum realized
from the sale of the property in the Sibbernsen suit was
sufficient to pay the liens established and costs of the suit,
and leave a surplus of $562.   The question to be deter-
mined here is, do the proceedings in that suit establish
the defense of *res adjudicata* in this?   The trial court so
found, and we so find.

We do not agree with the contention of plaintiff that a
valid tax lien can only be barred by payment or the stat-
ute of limitations.   General expressions of that kind may
be found in reported cases, but in every instance it will be
found that those general statements apply to the facts of
the case in which the language is used.   A right obtained
under a tax sale certificate, like any other civil right, may
be barred by the decree of a court of competent jurisdic-
tion in a suit where the owner of such certificate is duly
made a party, and his claim to priority under that lien is
assailed in the pleadings and adjudicated against him by
the court.   One duly served with summons thereby be-
comes a party to the suit or action, and, unless subse-
quently dismissed, remains such throughout the proceed-
ings.   As such party he is presumptively present in court
during the trial and at the entry of judgment.   He is
charged with notice of every claim adverse to him con-

tained in the plaintiff's petition. If it is therein alleged that he has or claims a lien or some interest in the land involved in the suit, but that his lien or claim is junior and inferior to that asserted by the plaintiff, and he stands mute and permits the entry of findings and judgment against him and in favor of the plaintiff upon that contention, and an innocent third party purchases the land at sheriff's sale under the judgment so entered, that judgment is *res adjudicata* as between such party and the plaintiff, and as between him and the purchaser at such sale. If, in such a case, the party so served, at the time of such service and at the time when he is notified to answer, is the holder of a tax sale certificate, issued to him less than two years prior to the answer day, the fact that he cannot then demand a foreclosure of his lien will not excuse him from failing or refusing to set up his lien under the certificate held by him. Failing so to do, his right to subsequently assert it against the judgment entered in that suit, or against those claiming as purchasers under said judgment, is forever barred and foreclosed. *Lincoln Nat. Bank v. Virgin*, 36 Neb. 735; *Barton v. Anderson*, 104 Ind. 578.

In so holding, we have not overlooked *Western Land Co. v. Buckley*, 3 Neb. (Unof.) 776, and *Gibson v. Sexson*, 82 Neb. 475. *Western Land Co. v. Buckley* is an unofficial commissioner's opinion and has no standing as an authority in the sense in which the doctrine of *stare decisis* is applied. *Flint v. Chaloupka*, 72 Neb. 34. But, even if it were to be considered as an authority generally, it could not be treated as such in this case. In that case the amount due upon the tax lien was deducted by the sheriff at the time of the sale of the property under the mortgage foreclosure suit in which the holder of the lien failed to appear; hence, the purchaser at the mortgage foreclosure sale took subject to the rights of the holder of the tax lien. Again, in that case it was said: "Upon the question whether or not the holder of a tax lien prior in point of time to the date of a mortgage being

foreclosed is a necessary or proper party, we express no opinion." Therefore, that question was not decided. The subsequent language of the writer of that opinion, to the effect that, because less than two years had elapsed from the date of the certificate of tax sale, the court would be without authority to enter a decree foreclosing the lien until after the expiration of the two years, and therefore the holder of the tax lien, "while likely a proper party, was, at all events, not a necessary party to the mortgage foreclosure proceedings," is *obiter dictum* pure and simple. It is clear that the proceedings in the foreclosure suit did not cut off or in any manner bar the lien or right of action thereunder of the Western Land Company, the holder of the tax lien, because the appraisement and sale reserved and left those rights unimpaired. The writer of the opinion cites and relies upon *Lincoln Nat. Bank v. Virgin, supra*, but it is evident from a careful examination of that opinion, that he misapprehended its scope. The writer of this opinion fell into the same error when he wrote the opinion in *Gibson v. Sexson, supra*, and indulged in discussion and included in the syllabus a holding upon a point not necessary in the decision of that case. *Lincoln Nat. Bank v. Virgin* does not support *Western Land Co. v. Buckley*, nor *Gibson v. Sexson*; but is in harmony with the rule we have above announced.

In *Lincoln Nat. Bank v. Virgin* it is said: "There is no doubt of the jurisdiction of a court of equity, upon proper pleadings in a foreclosure proceeding, to determine the rights of all parties thereto with respect to the subject of the controversy, whether plaintiffs or defendants. But the power to conclude parties not claiming adversely to the plaintiff, whether subsequent mortgagees, or mortgagor and mortgagee, so as to prevent them from afterwards asserting their rights as against each other, depends upon whether such power has been invoked by one or more of the parties thus interested. * * * The general rule is that a default is an admission of such facts only as are properly alleged in the petition or complaint.

1 Herman, Estoppel, sec. 53. A recognized exception, however, is that where, in a foreclosure or other kindred proceeding, a defendant who is called upon to disclose his supposed but unknown interest in the subject of the action makes default, he will be held thereby to have admitted that his interest therein is subordinate to that of the plaintiff. *Barton v. Anderson*, 104 Ind. 578. The Merchants Bank, by its default, must be held to have confessed the cause of action of the plaintiff therein, and to that extent the decree is conclusive."

The reasoning of Post, J., in that case applies here. In the Sibbernsen suit the plaintiff asserted the priority of his lien over any claim or lien of defendant Cowles, who had been personally served with summons. There is no doubt of the jurisdiction of the court to determine in that suit the rights of those two parties with respect to the subject of the controversy, viz., the priority of their liens. The petition called upon defendant to disclose his interest or claim. The defendant saw fit to decline to do so and therein made default. He must, therefore, "be held thereby to have admitted that his interest therein is (was) subordinate to that of the plaintiff," and "must be held to have confessed the cause of action of the plaintiff therein, and to that extent the decree (therein entered) is conclusive." The only right then remaining to defendant Cowles in that suit was to have had his claim satisfied out of the surplus arising from the sale. The surplus was ample to have satisfied his claim. He could not refuse to obtain satisfaction from that and thereafter seek satisfaction out of the land which passed to the purchaser by the sale under that decree. Any other rule than this would permit parties duly served with summons in a court of general jurisdiction, in a case involving subject matter of which the court has full and complete jurisdiction, to determine for himself the question as to whether he is a proper party, and the further question as to whether disputed priorities of himself and the plaintiff can be adjudicated by the court in that case. Where the court

has jurisdiction of the subject matter and of the parties, its determination of all disputed questions in the suit are binding upon all parties thereto. If the court errs, the remedy is by appeal, and not by subsequent collateral attack. The justice of this rule is well exemplified in the present case. The decree in the Sibbernsen case was entered March 23, 1906; sale made thereunder July 15, 1907; sale confirmed July 16, 1907; deed issued August 12, 1907; present suit commenced November 12, 1907. The parties to that suit were Sibbernsen, plaintiff; Cowles, defendant. The parties to this suit are Cowles, plaintiff; Annie E. Kyd, purchaser under the Sibbernsen judgment, defendant. Everything claimed by plaintiff here could have been decided there. Every right demanded here could have been obtained there. He not only could have been protected by the decree in that case, but the funds realized from the sale were sufficient to pay all claims, including his. We think the district court was warranted in finding that plaintiff's claim, as against the defendant, was barred and foreclosed, and that "there is no equity in the claim and action of the plaintiff."

The judgment of the district court was right, and it is

AFFIRMED.

REESE, C. J., not sitting.