ELLIS N. BURNS, APPELLANT, V. HENRY P. SHOLL, APPELLEE: GEORGE W. MUTZ ET AL., APPELLANTS.

HENRY P. SHOLL, APPELLEE, V. HARVEY-ENSLOW LUMBER COMPANY ET AL., APPELLEES: ELLIS N. BURNS ET AL., APPELLANTS.

FILED FEBRUARY 13, 1924. No. 22598.

1. **Mechanics' Liens:** VALIDITY AND PRIORITY. In an action for the foreclosure of a mechanic's lien, the district court has power to determine the validity and priority of all liens, prior or subsequent, of proper parties to the action, when their validity or priority is properly put in issue by the pleadings.

2. ———: PARTIES. The holder of a prior recorded mortgage which is not due is nevertheless a proper party to an action by a subsequent lienor to foreclose his lien, if such subsequent lienor challenges the validity of the prior mortgage or the amount owing thereon.

3. ———: CHALLENGE OF PRIOR LIENS. If a plaintiff, in an action to foreclose a mechanic's lien, desires to challenge the validity of a prior recorded, unmatured mortgage, or the right of the mortgagee therein named to a superior lien, it is incumbent on such plaintiff to allege facts from which it would appear that the mortgage was invalid, or that it would be inequitable for such mortgagee's lien to be made superior to the plaintiff's lien.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*George A. Adams* and *S. C. Zimmerman,* for appellants.

*Clifford L. Rein, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, LETTON, DEAN and DAY, JJ., REDICK, District Judge.

GOOD, J.

Ellis N. Burns, one of the appellants, brought an action against Henry P. Sholl *et al.,* to quiet title in plaintiff to lot 8 and west 45 feet of lot 7, block 4, First addition to College. View, Lancaster county, Nebraska. The defendant Sholl filed an answer and cross-petition, praying for foreclosure of a mortgage. The said Sholl also commenced an independent action against Burns *et al.,* for the purpose of securing the modification and correction of a decree of foreclosure, previously entered in the same court, rendered in an action wherein Fred H. Dudley *et al.* were plaintiffs and the said Sholl *et al.* were defendants. The two actions, the one commenced by Burns and the other by Sholl, were consolidated and tried together in the district court. The trial resulted in a decree awarding Sholl a foreclosure of his mortgage, and directing the modification of the decree in the Dudley case, and denying any relief to Burns. Burns

*et al.* have appealed, but none of appellants, save Burns, has filed a brief, and his appeal only will be considered.

The appeal in this case presents for determination the question whether a default decree, entered in an action to foreclose a mechanic's lien, bars the lien of a senior mortgagee, whose mortgage is duly recorded, when such mortgagee is made a party defendant, served with process and makes default, and where the only allegation of the petition relating to the lien of such mortgagee is that he claims some interest in said premises; the exact nature is to plaintiff unknown, but whatever interest he may have in said premises, if any, is junior and inferior and subsequent to the rights of the plaintiffs, but plaintiffs allege that said defendant has no interest in said premises whatsoever.

The essential facts from which the controversy arises are as follows: In June, 1917, Frank Kirkwood and wife, being then the owners of the premises, executed and delivered to Sholl a mortgage on the property, to secure the payment of a note for $1,200, which mortgage was recorded June 4, 1917. September 27, 1918, Kirkwood and wife conveyed the premises by warranty deed to George W. Mutz. February 17, 1919, Fred H. Dudley filed a mechanic's lien against the premises for material and labor furnished to Mutz for repair and improvement of the buildings on said premises. February 18, 1918, Harvey-Enslow Lumber Company also filed a mechanic's lien for materials furnished Mutz for the same purpose. In May, 1919, Dudley and the said lumber company brought an action to foreclose their mechanics' liens. In this action Kirkwood and wife, Mutz and wife, Henry P. Sholl, and others were made parties defendant. Summons was personally served on all defendants. Sholl made no appearance in the action. The petition contained the following allegation: "Plaintiffs further allege that the defendants Frank Kirkwood * * * H. P. Sholl * * * claim some interest in said premises, the exact nature (of which) is to said plaintiff unknown, but, whatever interest the said * * * H. P. Sholl * * * may have in said premises, if any, is junior, inferior and subse-

quent to the rights of these plaintiffs, but plaintiffs allege they have no interest in said premises whatsoever." The prayer of the petition was for a foreclosure of the plaintiffs' liens, and that each of the defendants "be forever barred from having or claiming any right, title, interest, claim or demand to said premises, and that they be barred of all equity of redemption." December 16, 1919, after trial, a decree was entered foreclosing the plaintiffs' liens. The court found that none of the defendants had any interest whatsoever in said premises as against the rights and claims of the plaintiffs, and ordered the premises sold for the satisfaction of plaintiffs' liens, and decreed that "the defendants * * * H. P. Sholl * * * have no claims whatsoever, in said premises. * * * Subject to the liens of plaintiffs, title to said premises is hereby quieted in the defendant George W. Mutz." Pursuant to the decree, an order of sale was issued and the premises sold on the 27th day of April, 1920, to Simeon J. Quantock, which sale was afterwards confirmed and sheriff's deed issued to said Quantock for said premises.

May 29, 1920, Quantock and wife conveyed the premises by quitclaim deed to George W. Mutz. March 28, 1920, Mutz and wife agreed in writing to convey the premises, free of incumbrance, to Burns, in consideration of Burns conveying to them a certain tract of land near College View. April 19, 1920, Mutz and wife executed to Burns the warranty deed to the premises which they had previously agreed to convey to him. This deed was delivered to Burns some time between May 29, 1920, and August 20 of the same year. Burns at the same time conveyed to Mutz the tract of land that he had agreed to transfer as a consideration. At that time Burns had no personal knowledge that Sholl claimed a lien on the premises in controversy by virtue of his mortgage, given by Kirkwood, and did not gain any knowledge of this until some months later. When he learned that Sholl still claimed a lien on the premises, Burns brought his action to quiet title. Sholl then commenced his action against Mutz, Burns et al., to modify and

correct the decree in the Dudley case by striking from the decree the last sentence thereof, to wit: "Subject to the liens of plaintiffs, title to said premises is hereby quieted in the defendant George W. Mutz."

Was the decree entered in the case of Dudley *et al.* against Mutz, Sholl *et al. res judicata* as to the priority of the liens of plaintiffs and defendant Sholl? The decision in the case at bar rests on the correct answer to this question. If the court, pronouncing that decree, had jurisdiction of the subject-matter, and if Sholl was a proper party to the action and the allegations of the petition were sufficient to tender to him an issue as to the validity or priority of his mortgage, then the question must be answered in the affirmative; otherwise, in the negative.

Counsel for Sholl argues that section 3212, Comp. St. 1922, forbids the court to subordinate a prior recorded mortgage to a subsequently attaching mechanic's lien. This section of the statute deals in main with the power of the court, in which foreclosures are pending, to cause the property sought to be affected by the mechanic's lien being foreclosed, to be leased *pendente lite.* The section ends with the following: "*Provided,* this law shall not be so construed as to interfere with prior *bona fide* liens on grounds on which such buildings shall be erected as a fixture." This section of the statute was considered by the court in the case of *Holmes v. Hutchins,* 38 Neb. 601. In the course of the opinion in that case, Commissioner Ryan, referring to the said provision of the statute, used this language (p. 612): "It must be held an inhibition on the power of courts to postpone to mechanics' liens prior existing valid liens on grounds on which improvements have subsequently been made." The pleadings in that case were entirely different from those in this case. In the *Holmes* case, the plaintiff sought to foreclose a mechanic's lien and made other lien-holders, including the holder of a prior mortgage, parties defendant. In his petition it was admitted that the defendant Holmes held the mortgage upon the premises and was made a party defendant for that reason, but plaintiff, seeking to foreclose his mechanic's

lien, acknowledged the validity of the mortgage, but sought, under the doctrine laid down in *Bohn Mfg. Co. v. Kountze,* 30 Neb. 719, to have the mortgage lien subordinated to that of plaintiff's mechanic's lien, upon the grounds that the mortgagee advanced the money for the purpose of erecting the buildings upon the premises, and thereby became a party to the contract for the erection of the improvements, which gave rise to the mechanic's lien.

We have no criticism to make of the holding of the court in *Holmes v. Hutchins, supra,* but in the case at bar the allegations are very different and the question presented is not the same as in the *Holmes v. Hutchins* case. We do not think the provision of section 3212 was ever intended to limit the power of the court to determine the priority of liens in an action to foreclose a mechanic's lien, nor to limit the power of the court to determine whether or not a prior recorded mortgage is, in fact, a lien upon the premises. In this case, had the allegations of the petition shown that Sholl was the owner and holder of a prior mortgage and had a lien thereon by virtue of such mortgage, then it would not have been within the power of the court to subordinate the mortgage lien to the liens of Dudley and the Harvey-Enslow Lumber Company. It is a well-known fact that many mortgages appear upon the records that are apparent but not real liens. They may have been paid and not released of record. They may have been given without consideration, and for many other reasons they might not be valid liens. It is unreasonable to suppose that said statutory provision was intended to prevent the holder of a mechanic's lien, in an action to foreclose the same, from having the validity of any supposed prior mortgage determined. We are of the opinion that the court has power, in the foreclosure of a mechanic's lien, to determine the validity or priority of all liens, either prior or subsequent, of proper parties to the action, if they are put in issue by the pleadings.

It is contended that Sholl, being the holder of a prior recorded mortgage, not then due, was neither a necessary

nor a proper party to the action. While the general rule is that prior incumbrancers are neither necessary nor proper parties to an action to foreclose a junior mortgage, yet this court held in the case of *White v. Bartlett,* 14 Neb. 320: "In an action to foreclose a mortgage, all incumbrancers, whether prior or subsequent, whose claims are due, are proper parties." We do not think the rule would extend to the prevention of making one a party defendant who was the holder of a recorded mortgage that was not due, if the junior mortgagee intended to attack the validity of that mortgage as a lien. If a plaintiff in such an action had reason to believe that the mortgage had been paid or discharged, or was invalid for any other reason, we have no doubt that he could make such person a party defendant and, by appropriate allegations, have the validity of such prior mortgage determined.

We now come to the more serious question in this case: Were the allegations of the petition sufficient to call in question the validity of Sholl's mortgage? It will be observed from the allegations of the petition, hereinbefore set out in the case of Dudley *et al.* v. Sholl *et al.,* that there is no allegation showing that the mortgage had been discharged by payment, nor is there any allegation showing that it was invalid for want of consideration, fraud, or for any other reason. The only allegations of the petition, in this respect, are that Sholl claimed some interest in said premises, the exact nature of which is to plaintiff unknown, but that whatever interest he may have in said premises is junior, inferior and subsequent to the rights of the plaintiffs, but plaintiffs allege that he has no interest in said premises whatsoever. It is apparent that these are mere legal conclusions. Moreover, the allegations refute themselves in this, that the pleader first states that he does not know the nature of the claim or interest, and that it is inferior and does not exist; the allegations are inconsistent with each other. There is no statement of fact from which it could be inferred that Sholl's mortgage was invalid for any reason, nor that it had been discharged. The mortgage

In re Estate of Runyon.

being of record gave plaintiffs in that action constructive notice of the exact amount of Sholl's lien and when it was due. Had it been intended to question this mortgage as to the amount due, or as to whether it had been discharged, or as to whether it was invalid, in whole or in part, there should have been appropriate allegations in the petition for that purpose. The allegations of the petition were wholly insufficient to justify the cancellation of Sholl's mortgage. 27 Cyc. 1599, note 41; *Smith v. Pure Strain Farms Co.*, 167 N. Y. Supp. 877; *Foval v. Benton*, 48 Ill. App. 638; *Wurcherer v. Hewitt*, 10 Mich. 453.

It necessarily follows that the decree in the Dudley case was not supported by the pleadings, and that such decree was ineffectual to cancel or bar the mortgage lien of Sholl. When Burns took title to the premises, he was chargeable with notice of Sholl's mortgage, and that the decree in the Dudley case did not extinguish the lien of such mortgage or subordinate it to the liens of Dudley and the Harvey-Enslow Lumber Company.

The decree of the district court, denying relief to Burns and foreclosing the mortgage of Sholl, is right, and is

AFFIRMED.

MORRISSEY, C. J., dissents as to paragraph 3 of the syllabus and that part of the opinion on which it is based.