C. H. SCHEUMANN ET AL., APPELLEES, V. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ET AL., APPELLANTS.

19 N. W. 2d 48

FILED MAY 25, 1945. No. 31915.

*Stanley A. Matzke, Joseph H. Sauer, Votava & McGroarty*, for appellants.

*McKillip, Barth & Blevens*, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an appeal from a decree of the district court for Seward county, Nebraska, in an action wherein C. H. Scheumann and P. H. Wiegardt were plaintiffs and The Prudential Insurance Company of America was a defendant.

The action was for foreclosure of a real estate mortgage held by plaintiffs which was subject to a prior and superior mortgage held by defendant which had been previously foreclosed, and for an accounting. Decree was entered granting the prayer of the petition. From this decree the defendant has appealed.

The facts which are not in dispute are as follows: The Prudential Insurance Company held a first mortgage on certain land in Seward county, Nebraska. The Farmers State Bank of Staplehurst, Nebraska, held a second mortgage on the same land. The Prudential mortgage was in default on December 20, 1933. Foreclosure action was commenced and the Farmers State Bank of Staplehurst was made a party defendant therein. The petition contained the following allegation which was applicable to the Farmers State Bank: "That defendant, Farmers State Bank of Staplehurst, Nebraska, appears or claims to have some interest in, right or title to said real estate by reason of a mortgage thereon. * * * ; that whatever interest in, right or title to or lien upon said real estate said defendants or any of them may have the same is subject, junior and inferior to the lien of plaintiff's mortgage."

The prayer of the petition was the following: "WHEREFORE, plaintiff prays that the amounts due plaintiff under its said note and mortgage be ascertained by the Court, and that said sums be declared a first lien upon the above de-

scribed real estate, and upon the failure of the defendants or any of them to pay said sums within a period of twenty days from the entry of the decree, said real estate be sold as provided by law for the satisfaction thereof; that upon said sale and confirmation thereof, the defendants and each of them be barred and foreclosed of all their right, title, interest and equity of redemption in and to said real estate."

The pertinent portion of the decree is the following: " * * * that upon the failure of the defendants or one of them to pay the aforesaid sums within twenty days from date hereof said real estate be sold as provided by law for the satisfaction thereof; that the proceeds of said sale be applied, first, to the payment of plaintiff's costs herein, second to the satisfaction of plaintiff's lien and third, to the satisfaction of the lien of said defendant and cross petitioner, and the balance, if any, as the court may direct; that the defendants and each of them be and hereby are foreclosed of all their right, title, interest and equity of redemption in and to said real estate."

There having been no redemption the land was sold pursuant to the terms of the decree to plaintiff therein, defendant here. Sale was duly confirmed and deed issued.

In that action process was duly served on the Farmers State Bank of Staplehurst, Nebraska. It made no appearance in the action and default was entered. After the foreclosure the bank assigned its mortgage to the plaintiffs herein.

The theory of plaintiffs' cause of action here is that the petition in that foreclosure action insufficiently described the right of the Farmers State Bank of Staplehurst, Nebraska, to permit of a valid foreclosure of a junior mortgage and that by reason of that fact they as assignees now have the right of foreclosure thereof subject however to the rights that the defendant herein has under the mortgage which it invalidly and insufficiently foreclosed.

The district court, as disclosed by a formal memorandum made a part of the record, entered a decree sustaining this theory of the plaintiffs and granting foreclosure of the sec-

ond mortgage as prayed subject to the rights of defendant under its mortgage. It is from this decree that the defendant has appealed.

The defendant on the other hand contends that the former foreclosure proceeding effectually foreclosed all rights of the Farmers State Bank of Staplehurst, Nebraska, and the plaintiffs herein and that the proceedings therein are res judicata as to any and all rights sought to be asserted by them in this action.

To sustain their theory the plaintiffs rely on a statement of a legal principle announced in *Lincoln Nat. Bank v. Virgin*, 36 Neb. 735, 55 N. W. 218, and which they claim has been pursued through *Gibson v. Sexson*, 82 Neb. 475, 118 N. W. 77, *Burns v. Sholl*, 111 Neb. 628, 197 N. W. 393, and *Chrisman v. Daniel*, 134 Neb. 326, 278 N. W. 565, as follows: "The general rule is that a default is an admission of such facts only as are properly alleged in the petition or complaint."

On authority of this pronouncement the plaintiffs contend that the allegation of the petition in foreclosure, "That defendant, Farmers State Bank of Staplehurst, Nebraska, appears or claims to have some interest in, right or title to said real estate by reason of a mortgage thereon. * * * ; that whatever interest in, right or title to or lien upon said real estate said defendants or any of them may have the same is subject, junior and inferior to the lien of plaintiff's mortgage." was an insufficient allegation of fact to make effective the decree in that action as against the second mortgage of the Farmers State Bank of Staplehurst, Nebraska.

Careful examination discloses that the opinion in that case does not support this contention of plaintiffs. No comparable controversy was before the court. The actual decision which gave rise to the foregoing pronouncement was upon the question of whether or not as between defendants in that action, one of whom defaulted, affirmative relief could be granted without a pleading setting forth the facts entitling the one defendant to relief against the other.

While, as has been stated, no controversy comparable to the one presented here was before the court in that case the court in an *obiter* statement came to a conclusion directly opposite to the one contended for by the plaintiffs, in the following words: "A recognized exception, however, is that where, in a foreclosure or other kindred proceeding, a defendant who is called upon to disclose his supposed but unknown interest in the subject of the action makes default, he will be held thereby to have admitted that his interest therein is subordinate to that of the plaintiff."

In *Gibson v. Sexson, supra,* quoting from the syllabus but mistaking the purport and effect of the opinion and decision in *Lincoln Nat. Bank v. Virgin, supra,* the court arrived at conclusions which are consistent with the contentions of the plaintiffs herein.

The opinion in *Burns v. Sholl, supra,* contains no reference to *Lincoln Nat. Bank v. Virgin, supra,* and neither does it sustain the contention of plaintiffs. Its purport and effect is that in a foreclosure of a mechanic's lien and a challenge to a *prior* recorded, unmatured mortgage the facts constituting the invalidity must be alleged.

The opinion in *Chrisman v. Daniel, supra,* contains no reference to *Lincoln Nat. Bank v. Virgin, supra.* Like *Burns v. Sholl, supra,* it is authority for the proposition that in the foreclosure of a lien on land and a challenge to the validity of a *superior* lien the facts constituting the invalidity of the *superior* lien must be alleged.

It therefore becomes apparent that the only support for plaintiffs' contention is the mistaken interpretation and application of the opinion in *Lincoln Nat. Bank v. Virgin, supra,* found in *Gibson v. Sexson, supra.*

On the other side of this proposition are the dicta of *Lincoln Nat. Bank v. Virgin, supra, Wyman v. Embree,* 78 Neb. 84, 110 N. W. 537, *Munger v. Beard & Bro.,* 87 Neb. 527, 127 N. W. 872, and *Cowles v. Kyd,* 91 Neb. 274, 135 N. W. 1010.

The sufficiency of the allegations of a petition regarding a junior lienor was brought into controversy in *Wyman v*

*Embree, supra,* as here, and in that connection it was said in the opinion: "He further alleged that he was the holder and legal owner of the note and mortgage, and that the interests of the defendants, the mortgagee and its receiver, were junior and inferior to his lien; that said debt has not been paid, except the interest coupons maturing prior to the first day of November, 1895, which are the coupons in controversy herein. By their default the defendants admitted these facts, which we hold were sufficiently alleged."

The case of *Cowles v. Kyd, supra,* was a case wherein it was contended that a decree on a petition in a tax foreclosure action containing substantially the same allegations as those brought into question herein were insufficient to bar a subsequent action for foreclosure by a junior tax lienor, where such junior lienor had defaulted in the former action. In the opinion with reference to the failure of the junior lienor to appear and set up his lien it was said: "Failing so to do, his right to subsequently assert it against the judgment entered in that suit, or against those claiming as purchasers under said judgment, is forever barred and foreclosed."

Reason supports the rule for which the defendant herein contends. Parties to foreclosure actions, having had due and proper service of process, should not be permitted to sit idly and permit their right, if any they have, to be barred by solemn judgments and decrees and thereafter at their whim and caprice be allowed to attack collaterally such decrees and judgments. If this is to be permitted a heavy burden will be cast upon the title examiner and a heavy hazard on the purchaser of real estate in those cases where there has been foreclosure of encumbering liens. No title in any such case could be held merchantable without examination of petitions for foreclosure and satisfaction that the rights and interests of junior lienors were therein fully described.

We conclude therefore that the rights and interests of the Farmers State Bank of Staplehurst, Nebraska, and its assignees, the plaintiffs herein, were forever barred and fore-

closed by the decree, sale and confirmation in the foreclosure action wherein the defendant herein was plaintiff and the Farmers State Bank of Staplehurst, Nebraska, was a defendant.

The principle announced in *Gibson v. Sexson, supra,* in conflict with this opinion is overruled.

The decree of the district court is reversed and the cause remanded with directions to dismiss plaintiffs' petition.

REVERSED, WITH DIRECTIONS.