JOHN W. FREE AND MULFORD D. BUSKIRK v. MARTHA
B. BEATLEY.

[See 70 Mich. 508; 78 Id. 249.]

*Partnership—Dower—Estoppel.*

1. Where two land-owners enter into a partnership agreement, and
   each conveys to the other an undivided one-half of his land,
   in which deed his wife joins, for the purpose of making the
   entire land partnership property, the wife of each partner is
   entitled to dower in the whole land after the partnership debts
   are paid.

2. Where, after the death of two partners, a suit is brought for
   an accounting and for a sale of the partnership property, and
   the widow of one of the partners is made a defendant, and
   makes no claim to any dower rights in the partnership real
   estate, she will be estopped from making such claim as against
   one who purchases the land in reliance upon a decree declar-
   ing it to be a part of the partnership assets, and ordering its
   sale as such.

Appeal from Van Buren. (Buck, J.) Submitted on
briefs March 10, 1893. Decided April 21, 1893.

Bill to remove cloud from title. Defendant appeals.
Decree affirmed. The facts are stated in the opinion.

*Crane & Breck,* for complainants, contended:

1. Where the legal title to lands purchased and held for partner-
   ship uses is in the partners individually, the lands are never-
   theless subject to an implied trust that they shall be applied
   to the payment of partnership debts, and the widow of a
   deceased partner is not entitled to dower until the trust is fully
   executed; citing Lind. Part. (Ewell's ed.) 767 (*333); *Price v.
   Hicks,* 14 Fla. 565; *Uhler v. Semple,* 20 N. J. Eq. 288; *Camp-
   bell v. Campbell,* 30 Id. 415; *Howard v. Priest,* 5 Metc. 582;
   *Bopp v. Fox,* 63 Ill. 540; *Simpson v. Leech,* 86 Id. 286.

2. In a court of equity, real estate belonging to a firm, purchased with the partnership funds, and treated as partnership property, is considered as personal property, to this extent, at least, that it is liable to pay the debts of the firm, and the surviving partner has a claim on it for that purpose which is superior to the title of the widow and heirs of the deceased partner; citing *Andrews v. Brown*, 21 Ala. 437; *Thayer v. Lane*, Walk. Ch. 200; *Connor v. Allen*, Har. Ch. 371; *Merritt v. Dickey*, 38 Mich. 41; *Barry v. Briggs*, 22 Id. 201; *Moran v. Palmer*, 13 Id. 367; and it makes no difference because the title to the real estate may chance to be in one of the partners, or in both as tenants in common; citing *Bank v. Phetteplace*, 8 R. I. 56; *Matlack v. James*, 13 N. J. Eq. 126; *Jarvis v. Brooks*, 27 N. H. 37; *Cilley v. Huse*, 40 Id. 358; *Gordon v. Kennedy*, 36 Iowa, 167; *Whaling Co. v. Borden*, 10 Cush. 458.

3. Defendant's claim is *res judicata;* citing *Killefer v. McLain*, 78 Mich. 249; *Barker v. Cleveland*, 19 Id. 230; *Jacobson v. Miller*, 41 Id. 90; *Wilson v. Coolidge*, 42 Id. 112; *Newberry v. Trowbridge*, 13 Id. 263.

*Osborn & Mills,* for defendant, contended:

1. The defendant is entitled to dower in the undivided one-half of the lands in suit; citing *Grissom v. Moore*, 106 Ind. 296.

2. It is possible that the defendant might have filed a cross-bill in *Killefer v. McLain*, 78 Mich. 249; but she was not obliged to do so in order to protect her dower interest in the land involved therein; citing *Nims v. Vaughn*, 40 Mich. 356.

GRANT, J. The land in which defendant now claims the right of dower was sold under the decree of this Court in *Killefer v. McLain,* 78 Mich. 249, and was bid in by the complainant Free. The sale was confirmed, and the commissioner's deed executed to Free, who subsequently deeded a half interest therein to his co-complainant. Complainants went into possession, and, subsequently learning that defendant claimed an interest in the land, filed their bill to remove the cloud from their title.

The facts necessary to a determination of the question are these: Defendant's former husband, Mr. Nash, was the owner in fee of the land here in controversy, upon which

were a water-power and a saw and stave mill. One Briggs was also the owner in fee of adjoining lands, upon which were a water-power and a grist-mill. These properties were of about equal value. January 2, 1882, Briggs and Nash entered into a copartnership agreement, by which they united these two properties, and agreed to carry on the entire business as copartners. After specifying the character of the business to be carried on, the written agreement stated as follows:

"For that purpose we do agree and hereby actually put into the said business the grist and flouring mills now owned by the said Briggs, * * * known as the 'Central Mills' and the realty, machinery, and attachments thereto, and the property known as 'Nash's Stave and Heading Factory and Saw-mill,' * * * and the machinery in the same and connected therewith, and also two hundred and forty acres of land owned by said Nash; * * * each of said parties to quitclaim to the other one equal undivided half of the lands and property above described belonging to each, so that the title to said property shall be vested in said parties jointly."

Pursuant to this agreement, deeds were executed and exchanged upon the same day, in the execution of which their wives respectively joined. Defendant understood the entire transaction, and the purpose for which these deeds were executed.

The partnership was dissolved by the death of Nash. Briggs still continued to carry on the business until his death. Subsequently his executors filed a bill in chancery for an accounting, for a sale of the partnership assets, and for a division of the surplus, if any remained. *Killefer v. McLain,* 70 Mich. 508. The Court there held that the whole of the real estate was put into the firm, and constituted firm assets. Defendant was made a party defendant to that suit. She made no defense, and as to her the bill was taken as confessed. She was appointed guar-

dian *ad litem* for her infant child in that suit, and was a witness.

1. By the agreement of copartnership, and the deeds executed pursuant thereto, the entire land of Briggs and Nash became partnership property. The wife of each thereby became entitled to dower in the entire land after the payment of the partnership debts. The entire land was used and treated as partnership property. The defendant so understood it, for she testified on the hearing in the other suit that she understood that she and her child were entitled to half of the mill property.

2. She was made a party to the former suit. If she claimed any interest in the land it was then her duty to assert it, and have that interest determined. The sole object in making her a party was to ascertain her rights therein, if she claimed any. The Court expressly determined and decreed that the land was a part of the firm assets. Free, the purchaser, therefore had the right to assume that she neither claimed nor had any interest in the property, except that arising from partnership relations. Even had she then been possessed of any right of dower independent of the partnership, she must be held estopped from now asserting it, because she did not assert it when she had the opportunity to do so. She was a proper party to the suit, because she had a contingent right of dower in the property. Free was an innocent purchaser, and he and his grantees will be protected. He purchased in reliance upon a decree rendered in a suit wherein all persons interested in the property were parties, and which was brought for the express purpose of adjudicating and determining all their rights.

Decree affirmed, with costs.

The other Justices concurred.