[Civ. No. 1710.   First Appellate District.—January 28, 1916.]

## WILLIAM KOEHLER, Appellant, v. D. FERRARI & COMPANY et al., Respondents.

DEFAULT—ORDER SETTING ASIDE—WHEN JUSTIFIABLE.—An oral stipulation granting time to plead to plaintiff's complaint made with the plaintiff instead of his attorney is not binding; but reliance upon it is merely inadvertence and excusable neglect, upon a showing of which the court is justified in setting aside a default.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a default judgment. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Warner Temple, for Appellant.

Devoto, Richardson & Devoto, for Respondent.

THE COURT.—This is an appeal from an order setting aside a judgment taken by default.

According to the showing made by the defendants, their attorney at that time, desiring further time within which to plead to the plaintiff's complaint, and failing, after several attempts, to find plaintiff's attorney at his office, obtained from the plaintiff himself a verbal stipulation extending the time to answer to said complaint five days. Before the expiration of that time the default of the defendant had been taken. Immediately thereafter he moved to set aside the default, and the court granted the motion.

The stipulation being oral—besides having been given by the plaintiff himself instead of by his attorney—was doubtless without force and not binding; but in relying upon it, as they certainly did, the defendants, it seems to us, committed no more than an act of inadvertence and excusable neglect, upon a showing of which the court was fully justified in setting aside the default. To hold otherwise would be to deprive the defendants of the very remedy that section 473 of the Code of Civil Procedure was intended to provide.

Order affirmed.