BULLARD, RESPONDENT, *v.* ZIMMERMAN ET AL., APPELLANTS.

(No. 6,662.)

(Submitted October 3, 1930. Decided October 24, 1930.)

[292 Pac. 730.]

*Mr. Ralph J. Anderson* and *Mr. Emmet O'Sullivan,* for Appellants, submitted an original and a reply brief; *Mr. Anderson* argued the cause orally.

274

Mr. *C. A. Spaulding* and Mr. *W. C. Husband,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This is a suit in equity brought by plaintiff to vacate and annul a judgment recovered against him by defendant Zimmerman, in the district court of Wheatland county, upon the ground of extrinsic fraud.

The complaint alleges the commencement of an action by Zimmerman against plaintiff herein and numerous other persons, to recover from defendants therein for services alleged to have been rendered them and to foreclose a mechanic's lien upon property situated in Wheatland county, which will hereafter be referred to as cause numbered 1334; that service of summons was had on plaintiff and one C. F. Williams; that plaintiff herein appeared in that action by demurrer which was by the court overruled on October 15, 1924, and plaintiff given thirty days within which to answer; that previously defendant O'Sullivan had entered the default of Williams and as a result of an application the default was set aside by an order made on October 15, 1924; that O'Sullivan, as attorney for Zimmerman, represented to Jones & Jones, then plaintiff's attorneys, that he intended to take the matter of setting aside the default of defendant Williams to the supreme court, and stipulated and agreed that in the event the supreme court reversed the district court in that matter, he, O'Sullivan, would collect the claim due Zimmerman from Williams, and should the supreme court sustain the action of the lower court, the remaining defendants would be required to answer only after such ruling by the supreme court; that plaintiff herein would not be required to file an answer in the cause until such time as a decision was obtained from the supreme court on the ruling of the district court setting aside the default of Williams and until it had been finally determined whether such default would be permitted to stand, and that plaintiff should have until such time to file an answer in that action. It is alleged that no decision of the supreme court has been had; that O'Sullivan made and filed in the district court a motion to vacate and set aside the order of October 15, 1924, which

motion is still pending and undetermined. It is then alleged "that said representation, stipulations and agreements of the said defendant Emmett O'Sullivan were false and known by him to be false and untrue, and were made with the purpose and intent to persuade and induce the said Jones and Jones not to further appear or answer in said cause number 1334 for this plaintiff, and were made with the intent on the part of the defendant Emmet O'Sullivan that said Jones and Jones should believe the same and act thereon and thereby permit him, the said Emmet O'Sullivan, to thereafter take the default of this plaintiff in said cause numbered 1334 and prevent him from setting up in said cause a defense to the cause of action set forth in the complaint of the defendant Zimmerman; that William E. Jones believed the said representations, stipulations and agreements of the defendant Emmet O'Sullivan and, relying thereon, did not file an answer for this plaintiff in said cause numbered 1334 within the time fixed by said order of October 15, 1924,'' and thereafter, upon a praecipe filed by O'Sullivan, the default of plaintiff was entered on February 20, 1925; that no notice was given Jones & Jones that the stipulations and agreements theretofore made had been abandoned and repudiated or that O'Sullivan had decided to no longer adhere thereto or be bound thereby; that his motion to set aside the default was denied by the district court "upon the sole and only ground that such stipulations and agreements so made by the said Emmet O'Sullivan was not in writing and therefore not protected by the rules of said district court"; that thereafter judgment was entered against plaintiff herein for the amount sued for, together with costs and attorney's fees. Facts tending to show that plaintiff has complete defense in cause numbered 1334 are set forth in detail. It is alleged that a transcript of the judgment was filed in Lewis and Clark county which constitutes a cloud upon real estate owned by plaintiff in that county.

The defendants answered, admitting the commencement of the action by Zimmerman, the appearance of plaintiff by demurrer, the entry of the orders of October 15, 1924, and that

O'Sullivan had caused the default of defendant Williams to be entered on July 26, 1924; that application was made to set aside the default and that on October 15 the default was set aside. It is alleged that Zimmerman made application to this court for a writ of supervisory control for the purpose of setting aside that order, which writ was denied by this court on October 24, 1924. The entry of plaintiff's default and subsequent entry of judgment against him are admitted. All other allegations of the complaint are denied.

The cause was tried before the court and judgment entered awarding plaintiff the relief prayed for. Defendants appeal from the judgment.

It is contended "that in order to obtain relief from a judgment in equity that in addition to the fraud being extrinsic, it must also be actual and intentional as distinguished from constructive fraud or fraud in law," and that at most the evidence shows only constructive fraud and the judgment cannot stand.

The power of a court of equity to grant relief from a ▮ judgment obtained by fraud is inherent; it does not depend upon statute. (*Hoppin* v. *Long*, 74 Mont. 558, 241 Pac. 636.) But, as stated by this court in *Clark* v. *Clark*, 64 Mont. 386, 210 Pac. 93, 94, "not every fraud committed in the course of a judicial determination will furnish ground for such relief. The acts for which a judgment or decree may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which the judgment was rendered. * * * What, then, is meant by the expression 'fraud which is extrinsic or collateral to the matter tried by the court?' It is extrinsic or collateral within the meaning of the rule, when the effect of it is to prevent the unsuccessful party from having a trial or from presenting his case fully." The record discloses ample evidence to bring this case within the rule announced.

"Fraud being the arch enemy of equity, a judgment obtained through fraud practiced in the very act of getting it

will be set aside by a court of equity upon seasonable application. Indeed, the power of a court of equity to grant such relief is inherent. (*Clark* v. *Clark,* 64 Mont. 386, 210 Pac. 93; 15 R. C. L. 760, 762.) The conscience of the chancellor moves quickly to right the wrong when it is shown that through imposition practiced upon the court by a litigant an unfair advantage has been gained by him and thus it has been made an instrument of injustice. (15 R. C. L. 761; *Dowell* v. *Goodwin,* 22 R. I. 287, 84 Am. St. Rep. 842, 51 L. R. A. 873, 47 Atl. 693.) * * * In the language of Lord Chief Baron Pollock in *Rogers* v. *Hadley:* 'Fraud cuts down everything. The law sets itself against fraud to the extent of breaking through almost every rule, sacrificing every maxim, getting rid of every ground of opposition. The law so abhors fraud that it will not allow technical difficulties of any kind to interfere to prevent the success of justice, right and truth.' (Variously reported in 9 Law Times Reports, 292, 9 Jurist, 898, 32 L. J. Exch. 248.)'' (*State ex rel. Sparrenberger* v. *District Court,* 66 Mont. 496, 33 A. L. R. 464, 214 Pac. 85, 86.)

''It has frequently happened that one of the parties litigant has failed to present his claim or defense because he relied upon some agreement or understanding between himself and his adversary which, if observed, rendered such presentation unnecessary. And with more than occasional frequency, if we may judge from the reports, these agreements have been designed to lull a party into security and inactivity in order that some unconscionable advantage could be taken of him. In all such cases, courts of equity, when asked to do so, have invariably restored the injured party to his rights under the agreement, and have wrested from his opponent all those fruits he had hoped to harvest and enjoy through fraud and duplicity.'' (3 Freeman on Judgments, 5th ed., 2587.)

It matters not whether the fraud be actual or constructive; we must look to the effect and determine if the result is the consequence of fraud, as found by the trial court. If by fraud, actual or constructive, defendants have gained an unfair advantage over plaintiff in cause numbered 1334 and the

court in that case was made an instrument of injustice, equity will intervene to prevent them from reaping the benefits of the advantage thus unfairly gained. (*Klabunde* v. *Byron-Reed Co.*, 69 Neb. 120, 95 N. W. 4, 98 N. W. 182; *Arnou* v. *Chadwick*, 74 Neb. 620, 104 N. W. 942.)

It would subserve no useful purpose to review the evidence. Suffice it to say that plaintiff's witnesses testified to the agreement and stipulation substantially as alleged, and defendants' witnesses denied that any agreement or stipulation existed. After a careful study of the record we think the judgment is amply supported by the evidence. There is sufficient in the record to warrant the conclusion that plaintiff suffered a wrong which equity will relieve against. There is at least constructive fraud.

But it is insisted that the complaint alleged actual fraud, while the evidence tends at most to establish constructive fraud which wholly fails to establish the allegations of the complaint. It seems clear that some of the allegations of the complaint charge actual fraud. However, in our opinion, these allegations may be treated as surplusage and, without them, the complaint sets forth a state of facts from which the conclusion of constructive fraud must flow. Having supported these with ample proof, the failure to prove actual fraud is unimportant. (*Pittsmont Copper Co.* v. *O'Rourke*, 49 Mont. 281, 141 Pac. 849.)

It is next contended that in order to recover, plaintiff must show that the judgment was obtained without negligence on his part, and since the evidence establishes negligence on the part of plaintiff's attorney in not reducing the stipulations for an extension of time to writing or incorporating them in the minutes of the court as required by subdivision 1, section 8974, Revised Codes 1921, and by the rules of the district court, plaintiff is not entitled to equitable relief. The contention is not tenable. The right to relief does not depend upon the validity of the stipulations but on the question whether they were relied upon by plaintiff and made use of by defendants to obtain an unjust judgment. (*Blakesley* v. *Johnson*,

13 Wis. 592; *Pettibone* v. *LaCrosse R. R. Co.*, 14 Wis. 479.)
The oral stipulations were relied upon in good faith by plaintiff's attorneys and furnish ground for relief from the judgment taken in violation of their terms. (14 Cal. Jur. 1032; *McGowan* v. *Kreling*, 117 Cal. 31, 48 Pac. 980; *Chamberlin* v. *Del Norte Co.*, 77 Cal. 150, 19 Pac. 271; *Koehler* v. *Ferrari & Co.*, 29 Cal. App. 487, 156 Pac. 69; 3 Freeman on Judgments, 5th ed., 2591.)

There is not any merit in defendants' contention that the ▮ complaint fails to show that plaintiff, as a member of the Big Elk Dome Syndicate, an association, has a meritorious defense to cause numbered 1334. The complaint, in substance, denies that plaintiff is indebted to plaintiff in cause 1334, and alleges that plaintiff in that cause was employed by Whittekind and Daniels "and by no one else, nor did he ever work at said well for anyone else. That the complaint of said J. C. Zimmerman in said cause numbered 1334 disclosed on its face that the said Zimmerman did not have and did not claim a cause of action against this plaintiff, in that said complaint shows by the exhibit attached thereto that his claim, if any, was against the persons who entered into a contract of hiring with him, to-wit, the said H. E. Whittekind and Earl Daniels." The testimony tends to support these allegations, and we think it clear that Bullard, individually and as a member of the Big Elk Dome Syndicate, an association, shows a prima facie defense to cause numbered 1334.

Finally, defendants assail the ruling of the trial court in not granting defendants' motion to retax costs in its entirety. The items not stricken are the per diem of Judge Wm. L. Ford, and mileage and per diem of William E. Jones.

The record shows that Judge Ford was in the city of ▮ Harlowton, performing his duties as a district judge. It is argued that since section 8824, Revised Codes 1921, provides that the expenses of a district judge of a judicial district composed of more than one county, when he goes to a county of his judicial district other than the county in which he resides, on judicial business, are paid, Judge Ford is not entitled

to witness fees. While it is true that Judge Ford was in Harlowton on judicial business, he was called as a witness for plaintiff. It appears that on the day he was called as a witness he had no official business to transact in Harlowton and that he remained there for the purpose of giving his testimony in the cause. He was not called as a witness in the performance of his official duties, and' the court correctly denied defendants' motion.

The witness Jones attended the trial under subpoena issued out of the district court of Wheatland county. He traveled from his home in Chicago to Harlowton, and was allowed mileage from the state line. He was not attorney for plaintiff and had never represented him in this cause, and the fact that he undertook to show that as attorney in cause 1334 he had been misled by O'Sullivan is not sufficient reason to deny him the fees and mileage provided for by section 4936, Revised Codes 1921.

For the reasons given the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN concur.

ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.

Rehearing denied November 17, 1930.