STOCKING, RESPONDENT, v. THE CHARLES BEARD CO., Appellant.

(No. 7,500.)

(Submitted March 5, 1936. Decided March 18, 1936.)

[55 Pac. (2d) 949.]

*Mr. R. D. Frederick* and *Messrs. Kendall & Baldwin,* for Appellant, submitted a brief; *Mr. Frederick* argued the cause orally.

*Messrs. Grubb & Rockwood,* for Respondent, submitted a brief; *Mr. Forrest C. Rockwood* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to set aside a judgment by default, obtained by the defendant against him, upon the ground of extrinsic fraud.

In his complaint plaintiff alleged the corporate capacity of the defendant and the recovery of the judgment on September 11, 1931, in favor of the defendant and against the plaintiff in the district court of Flathead county. It was further alleged that the complaint in the action wherein the judgment was recovered was filed on April 14, 1931, and summons issued forthwith, which, together with a copy of the complaint, was served on the plaintiff the following day; that plaintiff immediately following the services called upon Rock D. Frederick, who was the attorney in that action for the defendant, residing at Whitefish, Montana, and informed the attorney that plaintiff believed the account sued upon was not correct; that plaintiff believed that it was all paid but a small portion; that the attorney promised the plaintiff that, if the account was not corrected, it would be corrected; that all sums of money plaintiff had paid would be properly credited to him; that the action would proceed no further if plaintiff would continue to pay on the account, from time to time, such amounts as he conveniently could; that he would not be required to appear in the action; and that no judgment would be entered against him under those circumstances without further notice. It was alleged that thereupon plaintiff paid the sum of $25 on April 17, 1931, and a like amount on the 3d and the 7th of August of that year. It was further alleged that on August 8 an amended complaint was filed and served in that connection, upon the receipt of which plaintiff again interviewed the attorney and made inquiry as to the meaning of this procedure and was informed by the attorney for defendant in the action that the complaint was amended simply to correct a mistake and to pay no attention to it, and that all plaintiff had to do was to continue to pay on the account until

it was finally settled; that a further payment of $25 was made on the 21st day of September, 1931, and a payment of $50 on February 6, 1932. It was alleged that plaintiff and the attorney were upon friendly terms, and that plaintiff relied upon the promises and agreements thus made, and failed to appear and defend by reason of these promises; that the attorney, in disregard of the promises and agreements, fraudulently and without the knowledge of the plaintiff on September 11, 1931, secured the entry of the default of plaintiff, and caused to be entered a judgment against him for the amount claimed in the amended complaint. It is set forth in this pleading that plaintiff had no notice of the rendition of the judgment until about December 13, 1932, and that he immediately employed counsel, who negotiated with Attorney Frederick, seeking to secure credits for payments claimed to have been made on the account. These negotiations continued until July 24, 1933, when Frederick notified plaintiff that he would no longer continue the negotiations, and that he proposed to collect the judgment by execution. Plaintiff alleges that he has no legal remedy, that the time for the vacation of the judgment by default has passed, and that he has a good and sufficient defense against the cause of action sued upon, in that the account had been paid in full, and, in fact, overpaid.

Defendant answered, admitting its corporate capacity and the entry of the judgment by default for the amount alleged, and denying the other allegations of the complaint.

The cause was tried before the court sitting without a jury. At the close of the case both parties filed proposed findings and conclusions of law. The trial court found the facts as alleged in the complaint and made conclusions of law in conformity with the findings. A judgment was entered setting aside the judgment, canceling the liens against the real property of the plaintiff in the counties wherein the judgment had been docketed, and for costs. The appeal is from the judgment.

Defendant in the lower court challenged the sufficiency of the complaint to state a cause of action. The objection raising this question was overruled, and error is assigned on

this ruling. Defendant argues that the complaint is deficient in that it fails to show that plaintiff was to perform any agreement, or that he performed the alleged agreement, or that there was any consideration for it; also that plaintiff failed to show his freedom from negligence.

Similar stipulations or agreements, where relied upon by a party and by reason thereof has failed to interpose a meritorious defense, have been held by this court to be sufficient to form the basis of an action to set aside a judgment obtained in violation or disregard of such stipulations or agreements. (*Bullard* v. *Zimmerman*, 82 Mont. 434, 268 Pac. 512; Id., 88 Mont. 271, 292 Pac. 730, 733; *Kirby* v. *Hoeh*, 94 Mont. 218, 21 Pac. (2d) 732.) In the second opinion in the *Bullard-Zimmerman Case* it was said: "The right to relief does not depend upon the validity of the stipulations but on the question whether they were relied upon by plaintiff and made use of by defendants to obtain an unjust judgment. [Citing cases.] The oral stipulations were relied upon in good faith by plaintiff's attorneys and furnish ground for relief from the judgment taken in violation of their terms."

So far as the allegations of the complaint are concerned, we are unable to see wherein it appears from the face of the pleading that plaintiff was negligent in any respect. The complaint was sufficient.

Error is assigned upon the failure of the trial court to adopt certain of the proposed findings of the defendant. Some of these proposed findings were to the effect that plaintiff had notice of the entry of judgment at the time he made the last payment and within six months after the entry of the judgment. The plaintiff testified that he had no notice of the entry of the judgment until in the month of December, 1932, when it was discovered as a result of the examination of an abstract of title to some of his lands. The only basis for these proposed findings found in the record is a letter which was written to the plaintiff and received by him, dated January 25, 1932, wherein the attorney for the plaintiff in that action wrote: "I wish you would endeavor to see me with reference

to the judgment of the Beard Company as I am going to be obliged to have some definite arrangements made for the payment of this item. I am being pressed for results and I am obliged as an attorney to follow out the instructions of my client. Please give this your early attention." It is true that in the letter the word "judgment" is used as applied to the account in question; but two days later another letter was written by the attorney to plaintiff, wherein it was said: "Since you were in the office, I believe it would be well for me to give you a statement of the payments which have been made on account of the Beard Company." Following this appears a list of payments giving dates and amounts. The writer of the letter stated that these constituted all of the payments according to his records, requested plaintiff to check them for mistakes, and then the letter closed as follows: "As soon as you have done this I will compute the amount that you owe to the Beard Company." Taking these two letters together— and they were both written within a period of two days—and considering them in the light of plaintiff's positive testimony to the effect that he had no notice or knowledge of the judgment, we cannot say as a matter of law that the court was in error in finding in accordance with the plaintiff's testimony.

It is next contended that the court was in error in refusing to find that the plaintiff was not misled by any statements or promises by the defendant or its attorney. The testimony of plaintiff is to the effect that he was so misled; hence the evidence was sufficient, if believed by the court, to warrant a finding to that effect.

Defendant sought to have the court find that plaintiff was guilty of negligence in failing to examine his invoices, accounts, canceled checks and papers in his possession, and thereby ascertain his position in the transaction, and that he had ample opportunity to plead any defense available to him. It appears from the record that plaintiff was a jeweler engaged in the business of retail jeweler in Whitefish, Montana, for a long period of years; and that he bought merchandise from defendant, commencing early in the year 1926, and end-

ing in the year 1928. Payments had been made on the account prior to the time it was placed in the hands of the attorney for attention, and thereafter, from time to time, payments were made to the attorney on the account, both before and after the commencement of the action, for its collection. The record discloses that the plaintiff did have in his possession various statements of the account, invoices and canceled checks evidencing his payments, and that plaintiff did not check over the account, at least not carefully, until after he discovered the entry of judgment. In the case of *Bullard* v. *Zimmerman,* supra, 88 Mont. 271, 292 Pac. 730, 733, it was written: ''It is next contended that in order to recover, plaintiff must show that the judgment was obtained without negligence on his part, and since the evidence establishes negligence on the part of plaintiff's attorney in not reducing the stipulations for an extension of time to writing or incorporating them in the minutes of the court as required by subdivision 1, section 8974, Revised Codes 1921, and by the rules of the district court, plaintiff is not entitled to equitable relief. The contention is not tenable.'' Furthermore, according to plaintiff's testimony, he at all times insisted, after the commencement of the action, that the account of the defendant was incorrect and that he was entitled to additional credits, and, in fact, after the judgment was entered and while his case was in progress, a credit was indorsed on the judgment to the extent of $150 paid to the attorney for plaintiff in the action on the account for which credit had not been given. Under the facts as disclosed by the record, the trial court would not have been justified in adopting the proposed findings with reference to the negligence of the plaintiff.

Another proposed finding which was rejected is to the effect that plaintiff had in his possession all vouchers and checks, but that he was unable to prove that a different result would follow upon a trial of the cause. Abundant evidence on the part of plaintiff was received tending to establish the fact that the account was, at the date of trial, substantially paid in full. Plaintiff, in order to prevail in this action, was

not required to demonstrate that he could prevail in the action upon the account. All that was required in this particular was for him to show that he had a prima facie meritorious defense. (*Kirby* v. *Hoeh*, supra; *Bullard* v. *Zimmerman*, supra.)

Defendant, by other specifications of error, seeks to have reviewed the action of the trial court in rejecting certain conclusions of law. Some of them raise the same questions already discussed and need no further consideration. It is contended that the trial court should have found that plaintiff was not entitled to any relief in this action. A careful examination of the record reveals that there was ample evidence adduced in support of the allegations of the complaint to support the findings and conclusions made by the trial court. The rule is that the decision of the trial court will not be reversed unless it is shown that the evidence strongly preponderates against the court's findings. (*Kirby* v. *Hoeh*, supra.)

On the trial of the case the plaintiff was permitted to testify as to certain computations made by him from the statements, vouchers and canceled checks which were in his possession, and from which he testified that he was no longer indebted to the defendant on this account. These computations he had prepared in his own handwriting in the form of a memorandum. Objection was made to his use of the memorandum on the ground that a proper foundation had not been laid, within the rule announced by this court in *Marron* v. *Great Northern R. Co.*, 46 Mont. 593, 129 Pac. 1055, and approved in the case of *Spurgeon* v. *Imperial Elevator Co.*, 99 Mont. 432, 43 Pac. (2d) 891. The memoranda under consideration in those cases were of a different character from that in use in this case. A writing is itself the best evidence of its contents, except when the original consists of numerous accounts or other documents which cannot be examined in court without great loss of time and the evidence sought from them is only the general result of the whole. (Sec. 10516, subd. 5, Rev. Codes, 1921.) All that plaintiff was seeking to do was to

state the condition of the account between himself and the defendant company as determined by computation based upon an examination of these various documents, which is properly permissible. (*Silver* v. *Eakins,* 55 Mont. 210, 175 Pac. 876.) Accordingly, there was no error in receiving the offered testimony.

Several specifications of error are urged on behalf of the defendant which relate to other refused findings of fact and conclusions of law. They are based upon the premise that the plaintiff knew of the entry of judgment within six months after its rendition; and therefore it is urged that he was obliged to pursue his remedy at law; namely, a motion under section 9187, Revised Codes 1921. The trial court found otherwise on the question of notice, and we hold this finding must be sustained. This contention, therefore, becomes immaterial. If, however, it were otherwise, the rule of the case of *Bullard* v. *Zimmerman,* supra [82 Mont. 434], would apply, where it was held that such remedy is not as adequate and complete as that afforded in a court of equity. There this court refused to sustain a similar contention. The remedy by motion not being adequate and complete, plaintiff would not be required, as a condition precedent, to pursue an inadequate remedy before resorting to equity. We find no reversible error in the record.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.